# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00471-CR
## NO. 03-11-00472-CR

**Curtis A. Fenderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 67106, 67790, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Curtis Fenderson, was indicted in separate causes for the offenses of possession of cocaine in the amount of more than one but less than four grams, with intent to deliver, and tampering with physical evidence. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010); Tex. Penal Code Ann. § 37.09 (West 2011). Fenderson made a pre-trial motion to suppress evidence in each case, both of which were denied by the trial court.[1] Fenderson pleaded guilty to both offenses and true to a sentence-enhancing prior felony conviction for possession of a controlled substance. The trial court entered the judgments of conviction and sentenced Fenderson to 12 years' imprisonment for the offense of possession and 10 years' imprisonment for the offense of tampering with evidence, with the sentences to run concurrently.

---

[1] Because Fenderson's issues assigning error to the trial court are identical in both causes, we treat them together as a single issue here.

In a single issue, Fenderson contends, as he did in his pre-trial motion, that the trial court erred in denying his motion to suppress evidence for two reasons: (1) that the officers who entered his motel room lacked probable cause to enter without a search warrant; and (2) that the search warrant subsequently obtained and used to conduct a thorough search of the motel room was facially invalid because it was obtained through an affidavit that contained stale information. We overrule Fenderson's issue and affirm the convictions.

## BACKGROUND

Fenderson's charges arose from events that took place on August 26, 2010, at the Scottish Inn Motel in Killeen. Based on information received from a confidential informant that Fenderson had "recently" been seen selling narcotics from room 210 of the motel, Detective Eureka Williams and other officers from the Killeen Police Department went to the motel to investigate. The officers learned from the motel manager that room 210 had been rented to Fenderson four days earlier. The officers then watched the room for several hours. After observing a woman enter the room, the officers and the motel manager approached and knocked on the door. Detective Williams testified that as soon as Fenderson opened the door, the odor of marijuana began to emanate from the room. Upon seeing the officers, Fenderson tried to slam the door shut. He was able to close and lock the door despite Detective Williams's attempt to jam the door open with her foot. Worried that Fenderson would attempt to destroy contraband or obtain a weapon, the officers tried to open the door with the motel manager's key, but the door had been locked from the inside with a hasp-type safety lock. After kicking in the door and entering the room, the officers saw a woman sitting on the

2

bed and heard the sound of a toilet flushing. The officers found Fenderson in the bathroom and observed a white powder—which the officers suspected to be cocaine—in and around the toilet.

After securing the motel room, Detective Williams drafted an affidavit in support of a search warrant. The affidavit included the information provided by the confidential informant specifying the room number and that the informant had "recently" seen Fenderson at that location selling narcotics. The affidavit also included that the room had been rented by Fenderson four days earlier, that officers had smelled marijuana coming from the room, that upon seeing the officers, Fenderson had slammed the door to the room closed and locked it, and that the officers had heard the toilet flushing upon entering the room and had found what appeared to be cocaine in and around the toilet. The search warrant was issued, and upon searching the motel room, the officers found marijuana and cocaine.

Fenderson's motions to suppress evidence relating to the contraband found in the motel room were denied, and Fenderson now brings this claim of error on appeal.

**DISCUSSION**

A trial court's ruling on a motion to suppress evidence is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. A reviewing court will give almost total deference to the trial court's determination of historical facts and will review de novo the application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

**The Warrantless Entry**

In his first argument, Fenderson contends that his motion to suppress should have been granted because the officers lacked probable cause and exigent circumstances necessary to authorize entry of the motel room without a warrant. In order for a warrantless entry and search to be justified, there must be probable cause and, in addition, exigent circumstances must exist making the procurement of a search warrant impracticable. *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). Probable cause exists when the reasonably trustworthy facts and circumstances within the knowledge of the officer would lead a reasonable person to believe that a crime is being committed or that evidence of a crime will likely be found. *Id.* The sum total of all the facts known to the officer, whether they have been learned from an informant or observed as a trained officer, must be considered by the reviewing court. *See id.* (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1948)).

Here the facts known to Detective Williams at the time of entry included: (1) the tip from the confidential informant that Fenderson had recently been selling narcotics from room 210 of the Scottish Inn Motel; (2) the knowledge that this informant had been used to successfully obtain search warrants and convictions in the past; (3) the knowledge that room 210 had been rented by Fenderson four days earlier; (4) the odor of marijuana coming from the motel room; and (5) Fenderson's behavior of slamming shut and locking the motel room door after seeing police officers at the door.

Fenderson relies principally on *State v. Steelman*, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002), in which the court of criminal appeals held that the smell of marijuana alone is

4

insufficient to constitute probable cause to arrest someone for committing an offense in the officer's presence.[2] Here, unlike in *Steelman*, the odor of marijuana was not the only factor relied on by officers at the time of the warrantless search. The court of criminal appeals has subsequently held that, depending on the context, the odor of marijuana alone may or may not be sufficient to establish probable cause. *See Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005) ("The 'odor of an illegal substance' may be a factor that police officers use in determining whether there is probable cause . . . ."); *Parker v. State*, 206 S.W.3d 593, 599 (Tex. Crim. App. 2006) ("The odor of contraband is certainly an important fact which may (or may not) be dispositive, given a specific context, in assessing whether probable cause exists."). In the present case, the officers did not rely solely on marijuana odor to establish probable cause. In addition to the odor, the officers had the information from the confidential informant, the motel's record that Fenderson had rented room 210 four days earlier, and Fenderson's evasive actions at the motel room door. The totality of the circumstances was sufficient to support a finding of probable cause.

Although probable cause is necessary to justify a warrantless entry, exigent circumstances must also exist that make obtaining a search warrant impracticable. *McNairy*, 835 S.W.2d at 107. Exigent circumstances may include: (1) rendering aid to persons whom the officers reasonably believe are in need of assistance; (2) preventing the destruction of

---

[2] While *Steelman* involved a warrantless arrest, the court noted that the arrest was following a warrantless entry into a residence, which "can be thought of as a warrantless search for the person to be arrested." *Id*. (citing George E. Dix & Robert O. Dawson, 40 *Texas Criminal Practice and Procedure* § 9.11 (2d ed. 2001)).

evidence or contraband; and (3) protecting officers from persons believed to be present, armed, and dangerous. *Id*.

We note that the court of criminal appeals has found exigent circumstances to exist in situations similar to this one involving an officer who both detected the odor of contraband and observed behavior seemingly aimed at avoiding the police. In *Estrada*, the court found that it was reasonable for the officer to believe that evidence was being destroyed when: (1) the officer announced himself as a sheriff but could get no response from the persons he could hear moving around in the house; (2) the officer observed persons trying to flee the house; and (3) the persons he contacted who were trying to leave the house were minors who smelled like alcohol and marijuana. 154 S.W.3d at 610. Here, the odor of marijuana coming from the motel room, paired with Fenderson's evasive actions of slamming and locking the door, would reasonably cause an officer to believe that evidence would be destroyed. Thus, the facts here were sufficient to support a finding that exigent circumstances existed.

Probable cause existed because the totality of facts known to the officers at the time they entered the motel room would have led a reasonably prudent person to believe that a crime was being committed in the motel room. Furthermore, because the odor of marijuana and Fenderson's evasive actions created a reasonable fear in the officer's minds that evidence was being destroyed, exigent circumstances existed and the warrantless entry into the motel room was justified. We reject appellant's first argument.

6

**The Search Warrant**

In his second argument, Fenderson contends that the trial court erred in denying his motion to suppress because the affidavit prepared to obtain the search warrant contained stale information that was insufficient to support the magistrate's decision to issue the warrant. Fenderson argues that the language in the affidavit stating that the confidential informant had "recently" met with Fenderson in the motel room could not give the magistrate sufficient knowledge that this information was timely. Fenderson asserts that "recently" could mean a day, a month, or even a year.

In determining whether an affidavit sufficiently supports a search warrant, a court will consider the totality of circumstances and give great deference to the magistrate's decision to issue the warrant. *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996). The central question is whether the magistrate, in drawing reasonable inferences and using common sense, has a basis for concluding that a search would likely uncover evidence of the crime. *Pair v. State*, 184 S.W.3d 329, 337 (Tex. App.—Fort Worth 2006, no pet.) (citing *Illinois v. Gates*, 462 U.S. 213, 236-37 (1983)). Evidence becomes stale and probable cause ceases to exist when it is no longer reasonable to presume that items once located in the place to be searched are still there. *Pair*, 184 S.W.3d at 338.

Although the confidential informant did not name the specific date on which he or she had seen Fenderson with the narcotics, that evidence was not the only information relied on by the magistrate. The confidential informant's information that he or she had "recently" seen Fenderson *in room 210* was corroborated by the motel's record that Fenderson had rented that room only four days earlier. The confidential informant's information that he or she saw narcotics in room 210 was corroborated by Detective Williams's report that she smelled marijuana emanating from the

room.  Taking all this evidence together, the magistrate could reasonably infer that the confidential informant's "recent" experience in room 210 had occurred within the past four days, which would be sufficiently timely, under these circumstances, to save the evidence from becoming stale.  The totality of information included in the probable cause affidavit would allow a magistrate to reasonably conclude that contraband would be located in the motel room.  Therefore, we reject Fenderson's second argument and overrule his sole appellate issue.

## CONCLUSION

The record does not show that the trial court erred in denying the motions to suppress evidence.  We affirm the judgments of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   July 13, 2012

Do Not Publish

8